DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP MORRIS USA, INC.,** a foreign corporation,
**R.J. REYNOLDS TOBACCO COMPANY,** individually, and as successor
by merger to **BROWN & WILLIAMSON TOBACCO CORPORATION,**
individually and as successor by merger to
**THE AMERICAN TOBACCO COMPANY,** a foreign corporation,
**LORILLARD TOBACCO COMPANY,** a foreign corporation,
**LIGGETT GROUP LLC** (f/k/a Liggett Group, Inc., f/k/a
Liggett & Myers Tobacco Company), and **VECTOR GROUP LTD., INC.**
(f/k/a Brooke Group, Ltd.), a foreign corporation,
Appellants,

v.

**BRYAN RINTOUL,** as Personal Representative of the
**ESTATE OF EDWARD CAPRIO,**
Appellee.

No. 4D2020-1963

[October 23, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; David A. Haimes, Judge; L.T. Case No. CACE07-036719.

Geoffrey J. Michael of Arnold & Porter Kaye Scholer LLP, Washington,
DC and Scott A. Chesin of Shook, Hardy & Bacon LLP, New York, NY, for
appellant Philip Morris USA Inc.

Michael A. Carvin of Jones Day, Washington, DC, Eric L. Lundt, and
Robert C. Weill of GrayRobinson, Fort Lauderdale, Charles R.A. Morse of
Jones Day, New York, NY, and Kenneth M. Grose of Jones Day, Columbus,
OH, for appellant R.J. Reynolds Tobacco Company.

Daniel E. Nordby, Steven M. Ebner and Michael A. Muñoz of Shutts &
Bowen LLP, Tallahassee, Scott P. Schlesinger, Jonathan R. Gdanski,
Steven J. Hammer and Brittany Barron of Schlesinger Law Offices, P.A.,
Fort Lauderdale, and Bard D. Rockenbach of Burlington & Rockenbach,
P.A., West Palm Beach, for appellee.

Mary L. Bonauto and Chris Erchull of GLBTQ Legal Advocates &
Defenders, Boston, MA, Freddy Funes of Toth Funes PA, Miami, Andrew

J. Fuller of Gelber Schachter & Greenberg, P.A., Miami, and Daniel B. Tilley, ACLU Foundation of Florida, Miami, for Amicus Curiae-GLBTQ Legal Advocates & Defenders and American Civil Liberties Union of Florida.

### ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.

In *Philip Morris USA, Inc. v. Rintoul*, 342 So. 3d 656 (Fla. 4th DCA 2022), *review granted, decision quashed*, SC2022-1038, 2024 WL 3735894 (Fla. Aug. 9, 2024), we addressed three issues. First, we reversed the punitive damage award based on *Sheffield v. R.J. Reynolds Tobacco Co.*, 329 So. 3d 114 (Fla. 2021). *Rintoul*, 342 So. 3d at 659, 661–62. Second, we concluded that admission of evidence regarding JUUL Labs, Inc., and e-cigarettes was harmful error, and that this error was compounded by plaintiff's counsel's improper closing arguments, "requiring a new trial on all issues."[1] *Id.* at 659, 662–65, 670. Third, we found that Rintoul was not entitled to recover non-economic damages based on *Kelly v. Georgia-Pacific, LLC*, 211 So. 3d 340 (Fla. 4th DCA 2017), "because Rintoul was not married to the decedent when the symptoms of a tobacco-related illness manifested." *Id.* at 659, 665–70.

In *Rintoul v. Philip Morris USA, Inc.*, SC2022-1038, 2024 WL 3735894, at *1 (Fla. Aug. 9, 2024), the supreme court quashed our decision as to the third issue "to the extent that it is inconsistent" with *Ripple v. CBS Corp.*, 385 So. 3d 1021 (Fla. 2024), and "remanded [the appeal] to the district court for reconsideration upon application of the decision in *Ripple*." *Ripple* held that "a spouse who married the decedent after the injury can recover damages as a 'surviving spouse' under section 768.21(2)." 385 So. 3d at 1024.

Consistent with our original opinion, we reverse and remand for a "new trial on all issues." *See Rintoul*, 342 So. 3d at 670. As directed by the supreme court's mandate in *Rintoul*, the retrial on the issue of compensatory damages shall be consistent with the Florida Supreme Court's opinion in *Ripple*. On retrial, while the jury may receive evidence of Rintoul's relationship with the decedent, the jury should not be asked to determine whether the parties would have been married earlier than

---

[1] We remind counsel to steer clear of improper arguments. *See, e.g., R.J. Reynolds Tobacco Co. v. Gafney*, 188 So. 3d 53, 58 (Fla. 4th DCA 2016); *R.J. Reynolds Tobacco Co. v. Mahfuz*, 324 So. 3d 495, 497 (Fla. 4th DCA 2021); *R.J. Reynolds Tobacco Co. v. Neff*, 325 So. 3d 872, 879 (Fla. 4th DCA 2021).

they were.  In other words, Rintoul is not entitled to have the jury determine a date of marriage different than its actual date.  In all other respects, our prior opinion remains unchanged.[2]

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., WARNER and LEVINE JJ., concur.

*      *      *

***No Motion for Rehearing Shall be Filed.***

---

[2] We lack jurisdiction to consider Philip Morris's request to reconsider the issue of punitive damages, as the supreme court's mandate allows us only to address the effect of *Ripple*.